## Grabowski v. Noltes

*Lipsitz & Nassau,* for plaintiff.

*John V. Wherry, Samuel L. Fuss* and *Duff, Scott & Smith,* for defendant.

THOMPSON, J., January 4, 1957.—Plaintiffs have sued to recover damages sustained in an automobile accident, which took place on Sandusky Street in the City of Pittsburgh on June 25, 1953.

The original defendant in his answer by way of new matter has stated that plaintiffs commenced their action against defendant on February 4, 1954, by filing a complaint in trespass and on the same date notice of

suit was issued, that the complaint alleges that the accident took place on June 25, 1953, and on March 2, 1954, the sheriff made a return of the notice of suit "not found", that on July 3, 1956, plaintiffs' attorney filed with the prothonotary a praecipe for reinstatement of the complaint and on the same day the complaint was reinstated and notice of suit was issued, that on July 5, 1956, the sheriff certified that he served a true and attested copy of said notice of suit issued on July 3, 1956, together with a copy of the complaint upon the Secretary of the Commonwealth of Pennsylvania on July 5, 1956, that on July 13, 1956, said notice of suit with endorsement of said service upon the Secretary of the Commonwealth and a copy of the reinstated complaint in trespass were served upon defendant by registered mail at his residence at 945 Dorchester Avenue, Pittsburgh 26, Pennsylvania.

Defendant further avers that more than two years had elapsed since the date of the filing of the complaint and the issuance of the notice of suit on February 4, 1954, and the reinstatement of the complaint on July 3, 1956, and that the statute of limitations involved in the instant case was two years and that by reason thereof plaintiff's action is barred. Defendant further contends that the reinstatement of the complaint and the notice of suit stating that the complaint has been reinstated should be stricken from the record and judgment entered in favor of defendant.

Plaintiffs in their reply to new matter admit paragraphs one to six inclusive of defendant's answer and therefore admit the facts upon which defendant relies.

The question of law involved in this case is one of interest which appears not to have come before the courts in Pennsylvania so far as we are advised. This question before us may be stated as follows:

Whether a resident of the State of Pennsylvania, who becomes a nonresident after the accident, who is

charged with liability growing out of a motor vehicle accident, is now entitled to the benefit of the two years statute of limitations notwithstanding the Act of 1895 providing for a suspension of the statute of limitations during the period of his nonresidence from the State.

While, as above stated, our Pennsylvania courts do not seem to have determined this question, it has been discussed in Goodrich Amram Commentary on Procedural Rules and the same basic question has come before the United States Court in both the Eastern and Western Districts of Pennsylvania. The same question has arisen in a considerable number of other jurisdictions in the United States, the majority of which have decided that the statute of limitations continues to run where another statute has provided that a nonresident may be served at any time by serving some State official as agent of defendant with the notice of suit. There are a minority of jurisdictions which hold otherwise.

The Act of May 22, 1895, P. L. 112, sec. 1, 12 PS §40, provides:

"In all civil suits and actions in which the cause of action shall have arisen within this state the defendant or defendants in such suit or action, who shall have become non-resident of the state after said cause of action shall have arisen, shall not have the benefit of any statute of this state for the limitations of actions during the period of such residence without the state."

The Act of May 14, 1929, P. L. 1721, 75 PS §1201, provides, as now amended, that any nonresident, who shall accept the privilege extended by the laws of this Commonwealth, or any resident, who shall subsequently become a nonresident, shall make and constitute the Secretary of the Commonwealth of the Commonwealth of Pennsylvania (amendment) his agent for the service of process in any civil suit or proceeding

instituted in the courts of the Commonwealth of Pennsylvania arising out of or by reason of any accident or collision occurring within the Commonwealth in which such motor vehicle is involved.

The procedural rules made by the Supreme Court, 2076 to 2100 inclusive, relate to civil procedure governing defendants who are nonresidents or conceal their whereabouts. These rules provide for the suspension of any part of the Act of 1929 and its amendments as may be in conflict therewith, but in the main establish as rules of our court the substantive provisions of the Act of 1929.

It is clear that under the Act of 1929 and the procedural rules a plaintiff bringing an action against a nonresident or a resident, who has subsequently become a nonresident, charging him with liability for any motor vehicle accident which arose within the State, may now have service upon defendant whether he is present or absent from the State of Pennsylvania, or whether he is any longer a resident of the State of Pennsylvania and is not required to go to any other State or jurisdiction in order to maintain his action and have his remedy.

When the Act of 1895 to which we have above referred was passed, there was no such provision on the statute books and it seems clear that the Act of 1895 was passed to prevent the running of the statute of limitations where a defendant could not be served within the Commonwealth of Pennsylvania by reason of his absence or nonresidence.

When the Act of 1929 was enacted, the reason for the passage of the Act of 1895 largely ceased to exist. The statute of limitations is a statute of repose. It is the policy of the latter to prevent the prosecution of stale claims. Where the accident results in death the statute of limitations is one year, for personal injuries not resulting in death it is two years.

If the contention of plaintiffs is correct then a person who is not a resident of the State, or having been a resident has left the State, may be required to defend a suit growing out of a motor vehicle accident in Pennsylvania for an indefinite number of years after the accident has occurred. If plaintiff can wait for three years after the accident occurred and then avail himself of the substituted service provided by the Act of 1929 there is no reason why he could not wait for 10 years or a longer period of time.

It is quite possible that a person charged with responsibility for a personal injury accident may have not had anything to do with the accident either personally or by agency, and this has happened within our own jurisdiction. If he can be compelled to defend an action of this character 10 years after the accident has occurred, the whole intent and spirit of the statute of limitations is violated and such a defendant would be placed at a tremendous disadvantage in making his defense by reason of lapse of time, or the impossibility of making an investigation until he had notice of the alleged accident. The same situation would be true if defendant were actually involved. It may be, and it often does occur, that plaintiff was responsible for the accident rather than defendant.

Under the facts in this case it seems to us that the remedy of plaintiffs was complete after the passage of the Act of 1929. Plaintiffs insist that the letter of the statute of 1895 must be observed. It is our conclusion in determining what effect should be given to this act, the purpose for its enactment should be taken into consideration.

The question under discussion has been mentioned in Goodrich Amram Procedural Rules, §2077(a)-10 as follows:

"An Act of 1895 provides that if a defendant removes from the state after the plaintiff's cause of ac-

tion has arisen the running of the statute of limitations is suspended during the period of the defendant's absence. If the defendant is a resident who removes after the cause of action arises, will the fact that he can be served under the Non-Resident Motorist Act prevent the suspending of the statute of limitations? The Act of 1895 is drafted in terms of residence and non-residence, rather than ability and inability to serve the defendant. A strict construction would require the conclusion that the running of the statute of limitations is stayed when the resident removes even though the plaintiff could still obtain service upon him under these rules. *A more liberal view construes statutes similar to the Act of 1895 as designed to remedy the situation where the defendant cannot be served because he has removed from the state and that such statutes are therefore inapplicable if the defendant may be served under non-resident service procedure.* The public policy against the litigation of stale claims is sufficiently strong to require the conclusion that so long as the defendant may be served the running of the statute of limitations is not suspended." (Italics supplied.)

While, as before stated, the question we are now considering has apparently not been discussed by any Pennsylvania State court, it came up in the Western District of Pennsylvania in Karagiannis v. Shaffer, 96 F. Supp. 211 (W. D. Pa.), February 15, 1951. In this case the court had before it the Alabama Nonresident Motorist Act, which is somewhat similar to the Act of 1929 of Pennsylvania. The action had been brought after the period described in the statute of limitations and the court held that the statute of limitations was not tolled, because of the provision for serving nonresidents through an official of the State.

The United States District Court in the eastern end of the State had the same question to meet in Mangene

v. Diamond, 132 F. Supp. 27, June 9, 1955, where the court had to consider a California statute of the same general character. The district court concluded that since plaintiff could have maintained a timely action in California by substituted process, the one year California statute of limitations was not tolled despite defendant's departure from California three months after the accident. On appeal to the Circuit Court of Appeals this case was affirmed by the Third Circuit on January 24, 1956, at 229 F. 2d 554.

The same situation confronted this Federal court as confronts us, there being no decision of the State courts of California upon this question. The question under discussion has three times been considered in American Law Reports Annotated, first in vol. 94, p. 485, where the annotation states:

"There are statutory provisions in most of the states tolling the running of the Statute of Limitations during the absence or nonresidence of the defendant.

"On the theory that the purpose of these provisions is to prevent the defendant from defeating the plaintiff's claim by merely absenting himself from the state or establishing a residence elsewhere for the period of limitation, many courts, giving a liberal construction to the statute, have, where its terms would not be plainly violated by such construction, adhered to the view that where, notwithstanding such absence or nonresidence, process could have been served in the state to enable the plaintiff to institute an action upon his claim, the period of the defendant's absence from the state shall not be excluded from the period of limitation, and the statute continues to run during such absence."

The cases cited in support of the above statement are from the States of Connecticut, Indiana, Iowa, Mississippi, Missouri, Nebraska, New Hampshire, Vermont and Washington. The annotation, however, mentions

cases in other jurisdictions where a contrary result was reached, to wit, Idaho, Kansas, Utah and Wisconsin.

This question has continued to occupy the attention of the editor of the American Law Reports Annotated, and we find that there is another annotation of the same question in 119 A. L. R. beginning at page 859, and again in the same Reports in 17 A. L. R. 2d 516, which brings the annotations down to the year 1951. Additional cases are cited in these annotations, but they make no change in the fact that the majority of other jurisdictions have ruled in favor of continuing the running of the statute of limitations under circumstances such as are involved in our present case.

In 119 A. L. R. 855 a Tennessee case, Arrowwood v. McMinn County, 173 Tenn. 563, 121 S. W. 2d 566, is reported, and the opinion of the court, at page 857, states:

"It is obvious that under Code, Section 8671 et seq., providing for service on non-resident operators on highways in this State through the Secretary of State, suit could have been commenced and service had at any time within the limitation of one year. The absence or non-residence of the defendants in no way obstructed or prevented suit against or service upon them. The applicable principle laid down by our decisions is that when the remedy of the suitor is complete and unaffected by the absence of the defendant, when his non-residence does not affect the right to sue, Code, Section 8581 (Act of 1865) providing that 'the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action' is without application.

"Our leading case appears to be Taylor v. McGill, 74 Tenn. 294, 6 Lea 294."

Referring to this latter case the court said:

" 'What is not within the purpose or meaning, nor

within the mischief to be remedied by a statute, cannot be held included in the law, even though literally the language might include it. We take this to be a sound principle of exposition axiomatic, or almost so in our law.' . . .

"And again,

" 'The principle we decide is, that where the party had his remedy complete and unaffected by the absence of the administrators or defendants, then such absence has not affected his right to sue, and is therefore not within the purpose of the act of 1865, preventing the lapse of time effectuating the bar of the statute during the absence of a party to be sued'."

In the last of these annotations, which brought us down to the year 1951, 17 A. L. R. 2d, at page 516, the text states:

"§ 9. Nonresident motorists having a statutory process agent.

"Where provision is made by statute for substituted service of process upon a state official in cases arising out of motor accidents within the state, the majority of the courts have held that such a provision has the effect of nullifying any statute suspending the period of limitations."

Below are cases in two States which are added to the majority heretofore mentioned, to wit, Illinois and Tennessee, whereas cases to the contrary are noted in Ohio and New Jersey.

The reason most commonly given in what we might call the minority jurisdictions is that unless the running of the statute of limitations is tolled, the court is indulging in judicial legislation. It is not within the province of the courts to legislate. They are called upon to construe legislation.

In Pennsylvania, as no doubt in certain other jurisdictions, the legislature has authorized the Supreme Court of the State to make rules applicable to judicial

proceedings and to suspend in whole or in part acts of assembly, which may be in conflict with such rules. Such an act in Pennsylvania was the Act of June 21, 1937, P. L. 1982, entitled:

## "An Act

"Authorizing the Supreme Court of Pennsylvania to prescribe rules of practice and procedure in civil actions at law and in equity in certain courts of this Commonwealth, to prescribe rules and regulations for the conduct of any general business, either civil or criminal, by judges of any court of record; authorizing the courts of common pleas to prescribe and adopt local rules, not inconsistent with such general rules of the Supreme Court of Pennsylvania; authorizing the Supreme Court of Pennsylvania to appoint a Procedural Rules Committee, and to fix and define its powers and duties; imposing duties on judges and other officers of every court of record."

In section 1 of this act it is provided in part:

"From and after the effective date of any rule promulgated under this section 1, and so long as said rule shall be operative, the operation of any act of Assembly relating to practice or procedure in such courts, and inconsistent with such rule, shall be suspended in so far as such act may be inconsistent with such rule."

Operating under this act of assembly, rule 2100 of the Rules of Civil Procedure suspends sections 1 to 5 of the Act of May 14, 1929, P. L. 1721, as amended, insofar as they are inconsistent with these rules. The Act of May 14, 1929, is the act providing for service upon the Secretary of Revenue. Procedural Rules nos. 2076 to 2082 in suspending in part the provisions of the Act of 1937 change the State officer to be served from Secretary of Revenue to Secretary of the Commonwealth, but in substance supply the important provisions of the Act of 1929 by making them rules of court.

In Hunter v. Bremer, 256 Pa. 257, in a discussion of the act dealing with defendants who have become non-residents of the State after the cause of action has arisen, the court said, at page 264:

"It is plain that the residence intended by this act is of the same character as that contemplated by the statute dealt with in the Leishman case; in other words, the legislative purpose was to provide that, when a resident of Pennsylvania incurs legal obligations within the Commonwealth, *if he subsequently leaves this jurisdiction and becomes nonresident to such an extent that he cannot be reached by the ordinary process of a Pennsylvania court, while so nonresident, he is not entitled to the benefit of our statutes of limitation.*" (Italics supplied.)

It seems to us that the court in Hunter v. Bremer anticipated what has now taken place and that the court there had in mind that where a nonresident could be reached by ordinary process of a Pennsylvania court that he was entitled to the benefit of the statute of limitations. In view of the Act of May 14, 1929, P. L. 1721, service upon the Secretary of the Commonwealth is now ordinary process of a Pennsylvania court and we all know that it is a process frequently exercised and was finally exercised by plaintiff in this very case.

We are not concerned, it seems to us, so much with the actual facts of residence or nonresidence or domicile, but with the question whether there is provided an adequate means of getting service upon defendant without having to go outside the bounds of our own State. We have that right now in Pennsylvania and it seems to us that there is no reason for any suspension of the statute of limitations under the circumstances in this case.

The motion of defendant for judgment on the pleadings is granted.