## Regenbogen, Jr. v. Williams

*Paul C. Van Dyke,* and *Donald H. Hamilton,* for plaintiffs.

*George J. McConchie,* for defendant.

REED, J., April 7, 1969.—On March 15, 1964, minor plaintiff sustained injuries while a passenger in an automobile owned and driven by his father, as a result of an accident with defendant's car. Minor plaintiff's father brought a separate suit against defendant to recover for his own injury and loss. Neither minor plaintiff, nor the father as natural guardian, were parties to that suit.

On March 13, 1967, after a jury trial, the father received a favorable verdict and judgment in his own action against defendant.

Meanwhile, on March 14, 1966, one day before the statute of limitations barred the action, minor plaintiff by his father as natural guardian, and his father to recover expenditures for the minor filed a praecipe for writ of summons against defendant. The writ was never served. The plaintiff awaited the outcome of the father's case. Then on November 8, 1968, well over 4 years after the accident, and well over 2 years after the praecipe for writ of summons was filed, the plaintiff filed and served his complaint.

The writ having issued, but never having been served, its total effect was to toll the statute of limitations until March 14, 1968 (2 years after its filing): Zarlinsky v. Laudenslager, 402 Pa. 290 (1961); Will v. Malosky, 432 Pa. 246 (1968).

Defendant answered plaintiff's complaint, and alleged new matter, namely: the affirmative defense of the statute of limitations. Plaintiff replied admitting the pertinence of the statute, but denying its application to plaintiff.

Both plaintiff and defendant filed motions for judgment on the pleadings. Plaintiff contends that the father's earlier favorable verdict is res judicata of

plaintiff's present case as to defendant's negligence, and that being so, plaintiff is exempt from the bar of the statute of limitations.

Defendant contends the statute bars plaintiff from pursuing his claim absolutely.

On these motions, the case was argued before us en banc.

Plaintiff carries the burden of surmounting the statute of limitations, and to this end he advances the novel theory that by applying the doctrine of res judicata we can by a mystical transportation back, place this plaintiff as a party in the father's earlier successful case.

We cannot do this without distorting or, at the least, considerably extending the doctrine; and as to this plaintiff, creating heretofore unknown exemptions, or exceptions to the statute of limitations. Neither can we serve the ends of justice, as plaintiff suggests we will, by accepting his theory.

The ends of justice cannot be served by allowing the mischief inherent in setting aside the statute of limitations for all those persons who for one reason or another have not within the allowed time become parties in their own right or joined with others similarly, even identically, situate who have brought an action. Such a course would militate against the statute of limitations and the very sound reasons upon which it is secured.

No person is mandated to bring an action, simply because he has one, and when he does not within the allowed time we may conclude that he will not and with that rest. The fact, as plaintiff advances here, that defendant was fully aware of this plaintiff's cause, does not enburden defendant to wait upon plaintiff's pleasure.

That the previous adjudication of defendant's negligence is res judicata for this plaintiff, let us even

assume on the one hand; yet on the other, we know that while plaintiff waited beyond the statutory time his cause lapsed into a quiescence from which we can assume no power to awaken it. See Zarlinsky & Wills cases, supra.

Therefore plaintiff's motion must be dismissed and defendant's sustained.

## ORDER

And now, April 7, 1969, plaintiff, Donald T. Regenbogen, Jr.'s motion for judgment on the pleadings is dismissed; and defendant, J. O. Williams' motion for judgment on the pleadings is granted; judgment for defendant is hereby entered.