**James S. PULITI, Jr., Guardian of the Estate of Don Repella, a minor,**

v.

**Margaret E. DRISCOLE.**

**Civ. A. No. 68–18.**

United States District Court,
E. D. Pennsylvania.

March 5, 1971.

Norvin Nathan, Bristol, Pa., for plaintiff.

Walter R. Milbourne, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

This is a motion to dismiss for lack of diversity jurisdiction filed by defendant, Margaret E. Driscole, based upon the contention that plaintiff manufactured jurisdiction by appointing an out-of-state guardian for the plaintiff, a minor. The suit arises out of injuries allegedly sustained by the plaintiff, Don Repella, a minor, who while riding a bicycle was allegedly hit and injured by defendant's automobile on January 8, 1966. The injured minor has always lived with his parents in Levittown, Pennsylvania, and the defendant, Margaret E. Driscole, lives in Fairless Hills, Pennsylvania. The Court appointed guardian, James S. Puliti, Jr., is a New Jersey resident, who, as admitted by the plaintiff, was chosen as guardian *solely* to manufacture diversity.

On January 4, 1968, the plaintiff filed a complaint in federal court. A praecipe for a writ of summons in trespass was also filed the same day in the Court of Common Pleas of Bucks County, Pennsylvania. However, the plaintiff directed that the prothonotary not certify the writ to the Sheriff for service in the state court action and as a result, plaintiff's cause of action in the state courts may now be barred by the statute of limitations, or abandonment. *See* Will v. Malosky, 432 Pa. 246, 247 A.2d 788 (1968); Marucci v. Lippman, 406 Pa. 283, 177 A.2d 616 (1962); Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A.2d 317 (1961). *See also* 22 P.L.E. Lim. of Actions § 101.

It is clear that this motion to dismiss must be disposed of in compliance with the Rule of the Third Circuit as expressed in McSparran v. Weist, 402 F.2d 867 (3rd Cir. 1968). In *McSparran* the Court granted a motion to dismiss where an out-of-state guardian was appointed in order to manufacture diversity. How-

ever, in that case the statute of limitations had not run on the cause of action in the state court. The court, reversing previous decisions, held that artificially manufactured diversity would be insufficient to create federal jurisdiction. In an effort to be equitable concerning causes of action presently in federal court upon manufactured diversity which would be barred in state court by the statute of limitations the court limited the application of the new rule.

"It shall apply to all causes of action which arise after the date of the filing of this opinion [October 2, 1968]. In cases involving causes of action which arose prior to such date, including cases now pending, a district court shall apply the new rule against artificially created diversity, either on motion of a party or sua sponte, if it is conceded by the parties or the court finds as a fact that diversity was artificially created, but only where the court finds that in the circumstances of the particular case there is ample time and opportunity for the plaintiff to institute a new action in the state court and that no unreasonable burden will be imposed on the plaintiff by the dismissal of the federal action." *Id.* at 877.

In the subsequent case of Esposito v. Emery, 402 F.2d 878 (1968), the Third Circuit refused to dismiss a case by applying *McSparran* retroactively where the state statute of limitations had run. The court stated:

"As we pointed out in *McSparran* it would be harsh to apply our new rule retrospectively to a case such as this, in which the plaintiff's rights would be lost because the statute of limitations bars the institution of a new suit in the state court." Id. at 880.

However, the Third Circuit has permitted a retroactive application of *McSparran* dismissing a case where the state statute of limitations had run, where the district court had ordered the defendant to waive its defense of statute of limitations as a condition to the dismissal.

Groh v. Brooks, 421 F.2d 589 (3rd Cir., 1970).

Under the present facts, this court would be applying *McSparran* retroactively if it dismissed plaintiff's case for lack of diversity jurisdiction since the complaint was filed with the federal court on January 4, 1968, and *McSparran* was not decided until October 2, 1968. Due to plaintiff's direction that the writ in the state court not be certified to the Sheriff for service, his cause of action may be defeated by defenses such as the statute of limitations. Under these circumstances to dismiss the federal action could unreasonably burden and prejudice the minor plaintiff if the defendant was able to assert these defenses in the state court. Thus, I am ordering the dismissal of the federal court action for lack of diversity only upon the condition that the defendant waive any defense based upon plaintiff's delay in proceeding with his state cause of action.

## ORDER

This action shall be dismissed upon motion of defendant if:

(a) plaintiff (1) fails to file a complaint as to the cause of action of the minor, Don Repella, in the state court action (Don Repella, a minor, by his parents and natural guardians, Walter Repella and Anita Repella, in their own right v. Margaret E. Driscole, No. 129 January Term, 1968, Court of Common Pleas of Bucks County, Pennsylvania), within thirty (30) days from date hereof, or (2) fails within thirty (30) days from the date thereof to notify defense counsel in this action, in writing, that such complaint has been filed in the state court action;

or

(b) defendant, within sixty (60) days from date hereof, as to the claim of the minor plaintiff in the state court action, files an acceptance of service therein and an express waiver of any defense of statute of limitations, lack of jurisdiction, laches, undue delay, abandonment

or similar defense arising prior to the date of the waiver by reason of any asserted delay in the filing or prompt prosecution of minor plaintiff's cause of action and an affidavit of the filing of such waiver is filed in this action.