### Julia M. BYWATERS

v.

### Lloyd K. BYWATERS.

### Civ. A. No. 86–6973.

United States District Court,
E.D. Pennsylvania.

Sept. 28, 1989.

---

Esther L. Hornik, Bala Cynwyd, Pa., for plaintiff.

Lloyd Keith Bywaters, Phillipsburg, N.J., in pro. per.

Bruce A. Thomas, George A. Heitczman, Bethlehem, Pa., for defendant.

## OPINION

GAWTHROP, District Judge.

A jury has expressly found that the defendant, Lloyd Bywaters, sexually molested his daughter, plaintiff Julia Bywaters, and has awarded her damages in the amount of $25,000 compensatory and $75,000 punitive. Defendant, by posttrial motion, moves that the verdict be molded to naught, contending that the statutes of limitations bar plaintiff's suit. Alternatively, defendant seeks judgment notwithstanding the verdict. Upon the following reasoning, the motions must be denied, and the jury's verdict and award of damages shall stand.

### Background

Plaintiff Julia presented evidence at trial showing that her father, Lloyd Bywaters, had sexually abused and continually assaulted her from the time that Julia was an infant until she attained adulthood. Julia's ordeal did not come to an end until her father left the family's home in Pennsylvania and moved to New Jersey, leaving behind his wife and daughters. Mr. Bywaters moved out of the family house no later than September 11, 1980, and that therefore this day was the last possible date on which defendant had the requisite physical access to commit sexual acts upon his daughter.

Plaintiff Julia, however, did not file suit against her father until November 28, 1986 —six years and forty-eight days after he left the house. Because the statute of limitations on all the causes of action in her complaint is six years or less [1], defendant argues that plaintiff's claims are time-barred. However, the Honorable Anthony J. Scirica, my predecessor on this case before his ascent to the Third Circuit, ruled pre-trial that the statute of limitations had been tolled, the defendant having been in and out of Pennsylvania during much of the limitations period.

When the case came to me for trial, the defendant sought to relitigate the statute of limitations issue, arguing that Judge Scirica had erred in holding the statute tolled. In order to preserve the issue for post-trial consideration, thus permitting more careful deliberation than would have been possible during the rush of trial, I submitted a number of interrogatories to the jury, the following two of which are pertinent:

---

1. The statutes of limitations for the offenses on which the jury returned a verdict for plaintiff are as follows: assault, 2 years, 42 Pa.Cons.Stat. § 5524(1); battery, 2 years, § 5524(1); invasion of privacy, 1 year, § 5523(1); breach of fiduciary or parental duty of care, 6 years, § 5527.

6. Do you find by a preponderance of the evidence that the plaintiff knew her father's address after he had left Pennsylvania and moved to New Jersey?

7. Do you find by a preponderance of the evidence that the plaintiff, upon exercise of reasonably diligent inquiry, should have known her father's address in New Jersey?

To those questions defendant's counsel had no exceptions, when invited.[2] The jury answered both questions "Yes".

### Discussion

Because plaintiff Julia knew the defendant's whereabouts in New Jersey, defendant contends that the tolling provision of 42 Pa.Cons.Stat. § 5532(a), relied upon by Judge Scirica in his earlier decision, does not apply. That statute provides, in pertinent part, as follows:

**§ 5532 Absence or Concealment**

**(a) General Rule.** If ... after a cause of action accrues against a person, he departs from this Commonwealth, and remains continuously absent therefrom for four months or more ... the time of his absence ... is not a part of the time within which the action or proceeding must be commenced.

Defendant, however, points to the next provision of the same statutory section, § 5532(b), which provides as follows:

**(b) Exception.** Subsection (a) does not apply in any of the following cases:

. . . . .

(3) While jurisdiction over the person of the defendant can be obtained without personal delivery of process to him within this Commonwealth.

Because plaintiff could have obtained valid service by certified mail on the defendant under the statutory scheme created by the Pennsylvania Long–Arm Statute,[3] he contends that the case at bar presents a situation where jurisdiction over the defendant could have been "obtained without personal delivery of process within this Commonwealth," and that the § 5532(b) exception to the tolling rule therefore applies.

▮ Defendant's argument apparently raises an issue of first impression, for neither the parties' nor the court's research has found any cases construing § 5532. Defendant's argument, however, makes both statutory and common sense. In *Will v. Malosky*, 432 Pa. 246, 247 A.2d 788 (1968), the Pennsylvania Supreme Court gives us a useful analogue. There, the court held that where a defendant motorist was served after a prolonged sojourn overseas, suit was time-barred; the court reasoned that despite the defendant's absence, plaintiff could not invoke the tolling provisions of the predecessor of § 5532, 12 P.S. § 40,[4] because plaintiff could have obtained valid, substituted service under the non-resident motor vehicle statute.[5] The parallel to this case is patent, and thus I hold that

---

**2.** At the end of the charge, I inquired: "Counsel, is there anything further that ought to be said to the jury at this time? Is there anything that has been misstated, omitted, distorted, or overlooked? Have you any exceptions or suggested amendments?" Defense counsel made no mention of the present apparent problems.

**3.** The relevant portions of the long-arm statute are:

**§ 5322 Bases of Personal Jurisdiction over Persons Outside this Commonwealth**
(a) **General Rule.** A tribunal of this Commonwealth may exercise personal jurisdiction over a person who acts directly ... as to a cause of action ... arising from such person [by]:
(3) Causing harm or tortious injury by an act or omission in this Commonwealth;
**(d) Service outside this Commonwealth.** When the exercise of personal jurisdiction is

authorized by this statute, service of process may be made outside this Commonwealth.
**§ 5523 Service of Process on Persons Outside this Commonwealth**
(a) **Manner of service.** When the law of this Commonwealth authorizes service of process outside this Commonwealth, the service, when reasonably calculated to give actual notice, may be made:
(3) By any form of mail addressed to the person to be served and requiring a signed receipt.
42 Pa.Cons.Stat. §§ 5322, 5323.

**4.** The text of 12 Pa.C.S. § 40 is reproduced at note 9, *infra*.

**5.** Act of 1929, P.L. 1721, No. 563, § 1; 75 P.S. § 2001 (since repealed, and now embodied in 75 Pa.Cons.Stat. § 6701).

§ 5532(b) precludes tolling of the statute of limitations where a plaintiff knows the defendant's out-of-state address and can serve him there by certified mail under 42 Pa.C.S. § 5323(a)(3).

Whether plaintiff actually knew her father's whereabouts, or could have discovered his whereabouts through reasonable diligence, is a jury question; hence, the submission of interrogatories 6 and 7 to the jury. The only problem is—and it just now rises to my attention as I consider the posttrial motions before me—the interrogatories failed to go far enough because they did not ask the jury *when* plaintiff learned of the defendant's new address. If, for example, Julia did not discover defendant's whereabouts until a year after he left the house, the statute of limitations would be tolled for one year; though a mere one year's tolling would not prevent the limitations periods from expiring on her assault, battery and invasion of privacy claims, at least she would not be out of court on her breach of fiduciary duty claim, which carries a longer, six year limitations period.

Resolution of defendant's motion therefore turns on two questions: what plaintiff knew, and when she knew it. Unfortunately, the record before me does not provide a firm answer to the latter question.

Defendant, for example, points to an affidavit form which Julia signed on May 4, 1981 in connection with her application for an accelerated rehabilitation disposition (ARD)[6] of a criminal case that had been brought against her in Northampton County. On the back of this document, which was introduced into evidence, her father's address was listed, correctly, as Morris Street, Phillipsburg, New Jersey. Defendant Lloyd argues that this document conclusively establishes that Julia knew, or should have known, her father's whereabouts as of May 4, 1981. Plaintiff Julia, however, when confronted with the doc-

ument on cross-examination, testified that she didn't know what the document was when she signed it and that, of particular significance here, she never saw the reverse side of the document where her father's address appeared, but only signed the front of the document.[7] Record of Proceedings, Day Two, at pages 71–73. She also testified that she did not know where her father was living until 1986. *Id.* at 68.

Thus, plaintiff does not deny that she knew her father's address in New Jersey—as the jury found in its answer to Interrogatory 6—but she contends that the jury's answers to the interrogatories leave unresolved the critical question of *when* she learned of that address. I agree. I also agree with her contention that the record is devoid of any introvertible facts which would show with certainty that Julia knew or should have known her father's address in May of 1981, for although the ARD document suggests she knew the address, her professed ignorance of the the contents of the other side of the document raised a credibility question which only the jury could decide. Thus, there has been a failure of proof on the statute of limitations issue.

Although the appropriate remedy in this situation would normally be to order a new trial limited solely to resolving the statute of limitations issue, there is no motion for a new trial pending before the court. Nor, under Rule 59, may I order a new trial on my own initiative, because more than ten (10) days have passed since the entry of final judgment. *See* Fed.R.Civ.P. 59(d). Because I am thus limited to deciding the merits of defendant's motion for judgment n.o.v., I must determine whether the failure of proof on the statute of limitations issue is fatal to plaintiff's case, or fatal to the defendant's, and this question, in turn, would appear to turn on which party bears the burden of proof.

---

**6.** Under an ARD program, an accused is generally charged with a lesser offense and is then required to participate in a rehabilitation program rather than suffer a conviction. Pa.R. Crim.P. 175 *et seq.*

**7.** Plaintiff Julia, according to this notarized document, swore only that "the facts set forth in the foregoing paragraph are true and correct to the best of my knowledge, information, and belief." The paragraph sworn to, however, made no reference to Mr. Bywaters' address.

Plaintiff contends that the burden is on defendant to demonstrate that he has a valid statute of limitations defense. Because the jury's answers to interrogatories do not conclusively establish that there was no tolling, plaintiff argues that the defendant has failed to meet his burden, and that the jury's verdict must therefore stand. Defendant, however, contends that the burden is on plaintiff affirmatively to establish all facts which permit tolling under § 5532; because plaintiff has failed to establish such facts, defendant contends that the court must enter judgment for defendant.

The specific burden of proof question at bar appears to be another issue of first impression. For example, in *Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481 (3d Cir.1985), the Third Circuit held that the statute of limitations is an affirmative defense, and the burden of establishing its applicability to a particular claim rests with the defendant. But where a plaintiff tries to establish that the statute should be tolled by fraud or equitable estoppel, the burden shifts to plaintiff. 760 F.2d at 487. *See also Mihalcik v. Celotex Corp.,* 354 Pa.Super. 163, 511 A.2d 239 (1986) (allegations of fraud do not toll statute of limitations absent proof by clear and convincing evidence that defendants affirmatively and fraudulently induced plaintiff to delay bringing action). *Van Buskirk* and *Mihalcik,* however, are distinguishable from the instant case, because tolling on grounds of fraud or equitable estoppel is governed not by § 5532, but by an entirely different section of the Pennsylvania statute, 42 Pa.Cons.Stat. § 5504.[8]

The cases which discuss the applicability of tolling on grounds of a defendant's absence from the jurisdiction are not conclusive. Construing the statutory predecessor of § 5532, 12 P.S. § 40,[9] the Pennsylvania Supreme Court observed that

> [The] legislative purpose [behind the tolling statute] was to provide that, when a resident of Pennsylvania incurs legal obligations within the Commonwealth, if he subsequently leaves this jurisdiction and becomes nonresident to such an extent that he cannot be reached by the ordinary process of a Pennsylvania court, while so nonresident, he is not entitled to the benefit of our statutes of limitation.

*Hunter v. Bremer,* 256 Pa. 257, 264, 100 A. 809, 812 (1917). The *Bremer* court did not, however, discuss the burden of proof issue.

■ Upon consideration of the existing caselaw, I conclude as a matter of law that, for tolling to apply, plaintiff must establish, by a preponderance of the evidence, that defendant has become a non-resident of the Commonwealth within the meaning of § 5532(a). *Cf. In re Seitz,* 31 D. & C. 74 (1937) (where defendant left Commonwealth without taking any of her personal property, plaintiff has burden of proving that defendant was no longer a Pennsylvania resident). However, once plaintiff has shown that the defendant is no longer a Pennsylvania resident, the burden shifts to the defendant to show that plaintiff could have located the defendant's whereabouts through reasonable diligence and served him there by certified mail. In other words, plaintiff bears the burden of establishing that she is entitled to tolling under the general rule of § 5532(a), and once that burden is met defendant bears the burden of showing that he falls within the exception to the general tolling rule found in § 5532(b).

■ At bar, plaintiff has met her burden of proving defendant's nonresidence because defendant concedes that he moved to New Jersey in September of 1980. Thus,

---

8. Section 5504, entitled "Judicial Extension of Time," provides in relevant part:
   **(b) Fraud.** The time limited by this chapter may be extended to relieve fraud or its equivalent, but there shall be no extension of time as a matter of indulgence....

9. The statute provided:
   In all civil suits and actions in which the cause of action shall have arisen within this state the defendant or defendants in such suit or action, who shall have become non-resident of the state after said cause of action shall have arisen, shall not have the benefit of any statute of this state for the limitations of actions during the period of such residence without the state.
   Act of 1895, P.L. 112, § 1, 12 P.S. § 40 (repealed).

the burden has shifted to defendant, and he bears the burden of proving by a preponderance of the evidence that Julia had, or should have had, knowledge of his whereabouts for a length of time equal to or greater than the length of the applicable limitations period.

Because the jury's answers to interrogatories do not establish when Julia discovered the defendant's new address, and because defendant had the burden of proof on this issue, I cannot grant defendant's motion to mold the verdict or alternative motion for judgment n.o.v. Having failed to establish that he qualifies for the special tolling exception provided for in § 5532(b), he has failed to establish a valid statute of limitations defense, and the jury's verdict shall stand.

An order follows.

### ORDER

AND NOW, this 27th day of September, 1989, in consideration of defendant's Motion to Mold the Verdict and/or Judgment Notwithstanding the Verdict, and the responses and supplementary briefs thereto, it is hereby ORDERED that the motion is DENIED, and the jury's verdict in favor of plaintiff, and its award of $25,000 in compensatory damages and $75,000 in punitive damages, shall stand.