MEMORANDUM & ORDER

**Ramon BAKER**

v.

**INSTITUTE FOR SCIENTIFIC INFORMATION.**

Civ. A. No. 88–2163.

United States District Court,
E.D. Pennsylvania.

Jan. 24, 1991.

Patricia A. Smith, Haddonfield, N.J., for Baker.

Eric Hoffman, Barry Simon, Schnader, Harrison, Segla & Lewis, Philadelphia, Pa., for Institute for Scientific Information, Inc.

GAWTHROP, District Judge.

■ Counsel for defense seeks an order from this court permitting the videotaped deposition, for use at trial, of a prospective defense witness, one· Candis Schmedel Malyfet, in California. *See* Fed.R.Civ.P. 32(a)(2), (3) (governing use of deposition at trial). Plaintiff's counsel objects, not to the deposition, but to its videotaping, on the grounds that plaintiff is unable to afford sending counsel to California and can participate only by telephone. Plaintiff's counsel contends that since she will be unable to see the reactions of the witness as a benefit to her cross examination, the proposed one-sided approach would be unfair and prejudicial. I agree.

This court is of the view that it would indeed be unfair to have one lawyer physically present in the room with the witness being deposed, whilst the other is forced to inquire sightlessly, a continent away, connected only by phone. This is true even if the deposition is not videotaped. I understand that in another forum in which questioning occurs, Mr. Ted Koppel of ABC's *Nightline* is invariably insistent that even guests who are physically in the same television studio with him be hooked up so that they cannot see him, and he can only see their faces on a television screen, that they be treated the same as another guest whom he might be simultaneously interviewing from afar. If such quasi-due process safeguards apply to questioning procedures on a TV show, *a fortiori* should they apply in the context of taking testimony for use at trial in a United States District Court. *See Bywaters v. Bywaters,* 721 F.Supp. 84 (E.D.Pa.1989).

■ If defendant wishes to pay for the expense of plaintiff's counsel to fly to Menlo Park, California, to take the deposition, defendant may have its videotape deposition. Should defendant decide to shoulder the cost of flying both counsel to California for videotaping, and should there ultimately be a plaintiff's verdict in the case, I shall at that time entertain a request from the

defense to be reimbursed out of plaintiff's no-longer-small supply of money.

If defendant prefers not to foot the opponent's travel expenses, the deposition will not be by videotape, but rather will be by telephone, in the manner alluded to in *Bywaters, supra,* that is, with both lawyers questioning over the telephone—with access to fax machines, if necessary. *See* Fed.R.Civ.P. 30(b)(7) ("[t]he parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone"). To allow one lawyer—the one representing the richer client—to be physically present in the room would seem to me to protect unequally the rights of the less-financially-fortunate client. So also—and I expressly in no way impute this to the defense counsel at bar—the potential for barristerial chicanery, with only one lawyer physically present with the deponent, is manifest. Body language and other less subtle, yet silent, means of semaphoring a sought response to one's witness, when questioner and questionee are mutually visible, in the same room, are obvious tools available to the unscrupulous practitioner. The proposed approach is fraught with entirely too much potential not for discovering and preserving the truth, but rather for covering and perverting the witness's testimony. That is a precedent I prefer not to set.

Hence, the order that follows.

### ORDER

AND NOW, this 24th day of January, 1991, in consideration of defendant's Motion to Permit Videotape Deposition, and the briefs addressed thereto, it is hereby ORDERED that the motion is DENIED.